## Slack v. Winburn et al.

Jan. 26, 1940.

George J. Mayer and Wilson K. Beatty for appellant.
John M. Berry for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

In 1914 there was created in Nelson County by someone in some manner (the record not disclosing) a trust estate, the beneficiary of which was George W. Vance. One T. J. Slack was appointed trustee for the beneficiary, the estate amounting in the aggregate to $4800.00 which, according to the record, appears to have consisted exclusively of personal property, all of which went into the hands of Slack as trustee, whose sureties on his bond were the appellees, Paul M. and John H. Winburn. Slack continued to act as trustee for Vance, the beneficiary, until his (Slack's) death in September, 1935; but, in the meantime, he, with his family, removed from Nelson County to Henry County, where he purchased land, taking title to some of it in his own name and the remainder in his wife's name, the latter of whom is the appellant, Jennie Slack. Some years preceding his death—and after his removal from Nelson County to Henry County—his sureties, the two Winburns, instituted proceedings in the Nelson County Court under our statute providing therefor, Section 4659, seeking their release as sureties on his bond and requiring him to execute a new bond with indemnifying obligations as provided for in that statute. Before that proceeding was heard and determined—and, of course, while it was pending—Slack proposed that if the instigators thereof would become surety in a new bond to be executed by him, he would secure them with a mortgage on his Henry County farm, which proposition was accepted and the new bond executed with the mortgage given to indemnify his sureties per terms of the compromise agreement. The proceedings in the Nelson County Court were then discontinued.

Slack appears to have been more or less tardy in making the required settlements of his trust estate with the Nelson County Court. It appears from the record that the first settlement made by him as trustee was in May, 1929, which showed a balance in his hands of $4705.72, which (according to that settlement) was invested in various securities listed in the settlement to the amount of $4662.79. The next settlement made by him was in November, 1934, ten months before his death, and it showed that the trust fund then in his hands was the same amount of $4705.72, and that he was entitled to no credit or anything paid out since the 1929 settlement,.

and that he had paid the net income from the estate to the beneficiary; but he did not state in his last report what the trust fund therein consisted of.

He died testate, and in his will he designated his wife, the appellant, as executrix thereof, which she accepted, and qualified as such after his death. She was ruled by the Nelson County Court a number of times to make settlement of her decedent's trust estate, but each time she, for some reason, declined to do so. In the meantime the appellee Paul M. Winburn was appointed by the Nelson County Court as succeeding trustee in place of Slack, the deceased one. The executrix of Slack's estate not only refused or failed to make settlement of his trustee accounts, but declined to inform the court of the trustee assets in the hands of her deceased husband at the time of his death. However, it appears to have been correctly determined eventually that he possessed no assets or property at the time of his death, either individually or in his fiduciary capacity, except the farms that had been purchased in Henry County, the title to which had been taken as hereinbefore indicated.

In that situation the appellees, Paul M. Winburn and John H. Winburn, sureties on Slack's bond as trustee, and Paul M. Winburn as his succeeding trustee, filed this equity action in the Henry circuit court against Slack's widow individually, as well as executrix of his will, and in their petition they averred the facts supra, and also alleged that Slack died possessed of no personal property, and that the trust funds in his hands had been invested by him in the farms purchased in Henry County, upon one of which (consisting of 100 acres) he had given the mortgage above referred to to indemnify the Winburns, sureties on his bond. It was also correctly alleged that the mortgage executed to his sureties not only indemnified them as such, but inured to the benefit of the trust estate, and Paul M. Winburn, as succeeding trustee, sought in the petition the enforcement of the mortgage not only as personal indemnity to him and his co-surety, but also to enforce it as succeeding trustee in behalf of the trust estate under the subrogated right referred to. No judgment for any amount against Slack's estate was prayed for in the petition, nor was a settlement of the trust estate demanded, nor any other relief than the enforcement of the lien for the amount of the trust estate as shown by the last settlement made by the trustee ten months before his death.

The widow of Slack—personally and in her fiduciary capacity—filed a special demurrer to the petition on the ground that the Henry circuit court did not have jurisdiction of the action, which contention was based upon the theory that it was one to settle the trust estate, the jurisdiction of which was exclusively in the Nelson County Court where the deceased trustee was appointed and qualified, and which was also the original situs of the trust estate. The court overruled the special demurrer, followed by an answer of the widow in both capacities in which she was sued, which pleading her counsel insist put in issue the material facts averred in the petition relative to the amount of the trust fund in the hands of her deceased husband at the time of his death, she admitting all other facts pleaded in the petition, such as the appointment of decedent as a trustee, his later removal to Henry County, his executing the mortgage in the circumstances related, his purchase of the farms in Henry County, etc. She also attempted to put in issue the amount of the trust estate by denying knowledge or information sufficient to form a belief as to the extent of the trust fund in the hands of her husband at the time of his death. However, she averred that "for want of such knowledge and information this defendant denies that from the date of the last settlement of the said T. J. Slack (1934) until the time of his death, or at any time, he had in his hands as said trustee the sum of $4705.22 in trust from which he was required to pay to the said George W. Vance the income."

She furthermore averred that she, as executrix, had collected since her husband's death funds belonging to the trust estate amounting to $456.00 for which she asked credit, which plaintiffs admitted to be true and for which amount she was entitled to credit on the amount shown to be due by her husband's last settlement, but no general settlement of the trust estate whereby any specific sum was found to be due it by the deceased trustee was ascertained by the court, or attempted to be ascertained by plaintiffs' petition.

It is here insisted by counsel for defendants that the denials of the answer above referred to put in issue the amount of the trust estate so as to require its settlement in this action, but which counsel argues may not be made or done in this action pending in the Henry circuit court, and for which reason the special demurrer to the petition should have been sustained.

There might be some force in that contention were it not for these two facts: (1) the alleged denial was ineffectual to create an issue, since (a) the fact attempted to be denied for the want of knowledge or information to form a belief was a matter of public record, made out, subscribed and sworn to by her deceased husband, and her pleading nowhere attacked any item in that settlement in any effort to surcharge it, and (b) the consequential affirmative denial that her deceased husband "had in his hands as said trustee the sum of $4705.72" as composing such trust fund was, under numerous rulings of this and other courts, an ineffectual denial, since it might be true that he did not have in his hands that precise amount; but that he may have had in his hands $4705.71. In other words, the attempted denial, in order to make it effectual to raise an issue as to the amount of the trust fund, should have been followed by a phrase saying in substance "or any other sum," or if any particular sum was desired to be admitted, then the pleader should have said in substance "or any other sum exceeding $———." Having failed to perfect the pleading as indicated, it, according to numerous opinions, and the well settled rule concerning such pleadings, was ineffectual, and which left her answer as admitting that there was due the trust estate from her husband the sum of $4705.72, and which sum, as hereinbefore stated, was secured by the mortgage lien, given by the trustee on the Henry County farm, and which inured, through the doctrine of subrogation, to the trust estate. represented in this action by Paul M. Winburn as succeeding trustee.

The action is then resolved into one for the enforcement of a lien on real estate to collect an admitted amount which the lien secured. Such an action, under the provisions of subsection 3 of Section 62 of our Civil Code of Practice, is required to be brought "in the county in which the subject of the action [real estate], or some part thereof, is situated." The learned trial court so concluded and directed the mortgaged Henry County land to be sold by its commissioner, which was done, followed by her filing a report of the directed sale which was confirmed after exceptions filed thereto by the purchaser were overruled. But he (the purchaser) nor anyone else appeals from that order of confirmation, the appeal being prosecuted solely from the order overruling the special demurrer of defendant, and from the order of sale made by the court.

The amount of the bid for the land in lien was more than sufficient to pay the amount of the trust fund as shown by the last report of the deceased trustee after deducting therefrom the credits paid by the widow since her husband's death, and, perhaps, when the proceeds of the sale are so appropriated, the trusteeship will automatically become settled, but that fact does not stand in the way of a future settlement in the Nelson County Court showing the facts by which the trust estate become settled. Perhaps the Henry circuit court could not render a judgment which in and of itself would be a final and indisputable settlement of the accounts of the trustee of proper record, but it most certainly had jurisdiction to enforce a lien upon real estate situated within that jurisdiction to secure the eventual accounting of the trustee to his cestui que trust.

But it is argued that the claim of plaintiffs against the deceased trustee was not verified as required by law, for which reasons the judgment was improper. In the first place verification of the character and kind insisted upon is not required, unless personal judgment is sought against the estate of a deceased person, and no such judgment was prayed for, or in any manner requested in this action; and, secondly, no objection was made at any stage of the proceedings to the want of verification. The record presents a case where it is clearly manifest that the practice pursued by the defendant was for dilatory purposes, since no substantial merit was interposed at any stage of the proceeding to the enforcement of the admitted and undisputed lien for the collection of an admitted and undisputed amount, and that, too, when in her pleading she said: "This defendant states that the total amount of the said George W. Vance trust fund was loaned to divers and sundry persons and paid out and expended and dissipated by the said T. J. Slack as trustee and was never repaid long before the making of his last settlement in 1934, and that at the time of making said last settlement in 1934 the said T. J. Slack had no funds in his hands as said trustee, and she says that said alleged settlement is erroneous and a mistake."

She thereby admitted that her husband owed the trust estate the amount shown in his last settlement which she said was and is "erroneous and a mistake," but she pointed out no error or any mistake, and for which reason her pleading fell far short of necessary averments to procure surcharging relief.

As is frequently the case, many authorities are cited in support of the various contentions made by counsel for appellant, but in each and all of which facts entirely different from those here appearing existed, and since each case must be determined upon its own facts, they have no relevancy to the issues here involved, and for which reason, as well as to save space and time, we will not refer to or discuss them.

Wherefore. for the reasons indicated, the judgment is affirmed.

Whole Court sitting.